UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50222
Summary Calendar
_____


ARMANDO SANCHEZ RODRIGUEZ,

                              Plaintiff-Appellant,

versus

UNKNOWN SAPD OFFICER,
UNKNOWN DEA AGENT #1,
TOM WADE and DAVID AMBROSE,

                              Defendant-Appellees,

UNKNOWN DEA AGENT #1, TOM WADE
AND DAVID AMBROSE,

                              Defendants.

_____

Appeal from the United States District Court
for the Western District of Texas
(CA-SA-93-649)
_____
January 4, 1996

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

        Appellant Rodriguez filed a civil rights action against an
unknown officer of the San Antonio Police Department and several DEA
agents, alleging that the unknown SAPD officer kicked him in the head
as he was restrained face-down following a high-speed chase.  The

_____

        [*] Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the
limited circumstances set forth in Local Rule 47.5.4.

district court appointed Rodriguez counsel, and after ample time for discovery, the San Antonio City Attorney's office moved for summary judgment. The city contended that because Rodriguez could not identify the unknown police officer, the case against that person must be dismissed. The magistrate judge agreed, as did the district court, and summary judgment was granted dismissing the action.[1]

On appeal, appellant admits that although discovery revealed the names of the four San Antonio police officers involved in arresting him, it did not permit him to identify which one of them allegedly approached and kicked him in the head just after he was restrained. Why discovery failed to identify the officer who perpetrated the alleged assault is not clear. What we do know is that Rodriguez had 16 months after filing suit to identify that individual and he did not do so. The City has no responsibility or burden to identify the unknown officer -- the City was not even sued. Further, it would not be fair to require the officers to defend this case before a jury, not knowing exactly what charges are brought against them.[2]

This is no longer a case concerning the sufficiency of Rodriguez's pleading under Fed. R. 8(a), because summary judgment has been granted. Because Rodriguez did not meet his burden to create a

---

[1]     Appellant has not appealed the dismissal of the other individual defendants on summary judgment.

[2]     Rodriguez did not sue the officers on the alternative theory that they had a duty to intervene and prevent brutality by one of their number. Inasmuch as he alleges a sudden, unforeseen and very brief assault, consisting of one kick to the head Rodriguez would have a difficult time establishing this theory.

genuine factual issue over the identity of the single assailant, summary judgment was proper.

**AFFIRMED.**